

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 19, 1974

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 481

Re: Whether person not a
citizen of the United States
may be appointed notary
public in Texas.

Dear Mr. Resweber:

You have submitted to us the following question:

Whether the application of a person not a
citizen of the United States for appointment as
a notary public can be processed by the county
clerk.

Both Article 4, Section 26 of the Texas Constitution and Article
5949 of the Revised Civil Statutes place upon the Secretary of State the
responsibility of appointing notaries public. However, Section 3 of
Article 5949, calls for the application of a person desiring such an
appointment to be filed with the county clerk who is directed to send
the names of applicants to the Secretary of State "certifying that
according to the information furnished him, such person is eligible
for appointment as Notary Public for such county . . . ." Undoubtedly
it is this provision that prompted the inquiry by your county clerk.

The Constitution sets out no qualifications for notaries public.
Rather it calls for qualifications to be prescribed by law. Prior to
1945, the qualifications were found in Article 5949 as:

To be eligible for appointment as Notary
Public for any county, a person shall be at
least twenty-one (21) years of age, and a
resident of the county for which he is appointed . . . .

In Attorney General Opinion No. O-6504 (1945) it was concluded that a person who was neither a citizen of the United States nor of the State of Texas was qualified to be appointed notary public if he met the other statutory requirements.

This opinion prompted the immediate amendment of Article 5949 so that it read:

> To be eligible for appointment as Notary
> Public for any county, a person shall be a
> citizen of this State and at least twenty-one
> (21) years of age . . . .

Section 2 of the amending Act (Acts 1945, 49th Leg., ch. 373, p. 674) is in part:

> The fact that the present law does not require
> a Notary Public to be a citizen of Texas creates
> an emergency and imperative public necessity . . . .

The exact nature of Texas citizenship vis-a-vis United States citizenship seems unclear.   That there is a state citizenship distinct from federal citizenship seems well-established.  Slaughter-House Cases,  83 U.S. 402 (1873); United States v. Cruikshank, 92 U.S. 542, (1875).  And see Constitution of Texas, Article 5, Sections 2 and 7 requiring, respectively, that Supreme Court justices and judges of district courts be citizens of the United States "and of this State."

Perhaps the best definition of state citizenship is found in the opening words of Section 1 of the Fourteenth Amendment to the Constitution of the United States:

> All persons born or naturalized in the United
> States, and subject to the jurisdiction thereof,
> are citizens of the United States and of the State
> where they reside . . . .

We take, as a definition of "citizen of this State" as used in Article 5949, then, that the person be a citizen of the United States and a resident of Texas. Under this interpretation an alien would not be eligible to be appointed a notary public, and we would answer your question in the negative.

### SUMMARY

Under the provisions of Article 5949, V. T. C. S., an alien may not be appointed a notary public in the State of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg